UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TRAVONE GARDNER )
 )
V. ) No. 2:08-0050
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1), along with a supporting brief (Docket No. 9), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion. (Docket No. 5).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with conspiracy to possess with intent to distribute, or distribution of, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); attempt to possess with intent to distribute, or distribution of, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count Two); possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count Three); and being a felon in possession of a firearm, in violation of 18 U.S.C. §

922(g)(1) and 924 (Count Five). (Indictment (Docket No. 31 in Case No. 2:04-00017)). The Petitioner was also alternatively charged with aiding and abetting in all but Count One. (Id.) Named as Co-Defendants were Lorenzo McMillion and Charles Hassell. (Id.) Both pled guilty pursuant to Plea Agreements with the Government. (Docket Nos. 96, 89 in Case No. 2:04-00017).

Prior to trial, Petitioner's counsel filed a motion to suppress, and after holding an evidentiary hearing, the Court denied the motion. (Docket Nos. 62, 66, 69 in Case No. 2:04-00017). At the conclusion of his three-day trial, Petitioner was convicted of the substantive charge in Count One and of aiding and abetting as to Counts Two, Three and Five of the Indictment. (Docket Nos. 103, 105 in Case No. 2:04-00017).

At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 300 months of imprisonment. (Docket Nos. 114, 115, 148 in Case No. 2:04-00017). Specifically, the Court sentenced the Petitioner to a 240-month statutory mandatory minimum concurrent sentence for Counts One and Two; a 60-month statutory mandatory minimum consecutive sentence for Count Three; and a 120-month sentence on Count Five, to run concurrently with his sentence on Counts One and Two. (Id.) During the sentencing hearing, the Petitioner requested and was granted new counsel to pursue his case on appeal. (Docket Nos. 117, 148 in Case No. 2:04-00017).

The Petitioner appealed his conviction to the Sixth Circuit. (Docket No. 155 in Case No. 2:04-00017; United States v. Travon Gardner, 488 F.3d 700 (6th Cir. 2007)). The Sixth Circuit affirmed Petitioner's conviction as to Counts One, Two and Three, but reversed his conviction on Count Five, holding that there was insufficient evidence to support a conviction of aiding and

2

Case 2:08-cv-00050   Document 10   Filed 09/17/08   Page 2 of 13 PageID #: 77

abetting Co-Defendant's McMillion's possession of a firearm by a convicted felon, as there was no proof that the Petitioner knew of McMillion's status as a convicted felon. (Id.) Because acquittal on Count Five did not affect the Petitioner's sentence, however, the appeals court affirmed the sentence. (Id.) Pursuant to the directive of the Sixth Circuit, this Court subsequently entered an Amended Judgment (Docket No. 157 in Case No. 2:04-00017), reflecting an acquittal of the charge in Count Five.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because he received ineffective assistance of counsel. Specifically, Petitioner claims trial counsel was ineffective for: (1) failing to file a motion for judgment of acquittal based on the Government's failure to determine whether the substance involved was actually cocaine, and for failure to comply with Tennessee Code Annotated Section 53-11-451(d)(4); (2) failing to strike a juror based on her acquaintance with one of the prosecutors who tried the case; (3) failing to object to the Court's jury instruction on constructive possession and to file a motion for judgment of acquittal because he was acquitted of actual employment of the firearm; (4) recommending that the Petitioner stipulate that he was a convicted felon; (5) failing to interview and subpoena witnesses; and (6) failing to advise Petitioner to accept the Government's plea offer.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

3

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

The objective standard of reasonableness "is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Campbell, 364 F.3d at 730 (quoting Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 S.Ct. at 694; Ivory v. Jackson, 509 F.3d 284, 294 (6th Cir. 2007).

As the Supreme Court has explained, a court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. Strickland, 466 S.Ct. at 697; Ivory, 509 F.3d at 294. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

5

Petitioner argues that trial counsel should have filed a motion for judgment of acquittal based on the Government's failure to prove that the substance involved in the offense was actually cocaine, and for failing to comply with Tennessee Code Annotated Section 53-11-451(d)(4).

Petitioner made the same argument regarding the Tennessee statute to the Sixth Circuit on appeal, and the court rejected it:

> Garner's final argument is that the Task Force violated his due process rights by using drugs seized in one Tennessee county (Davidson) in another Tennessee county (Smith) in violation of T.C.A. § 53-11-451.
>
> * * *
>
> Our precedent squarely mandates rejecting this claim. <u>United States v. Pipes</u>, 87 F.3d 840, 843-44 (6th Cir. 1996)(rejecting due-process claim based on alleged violation of T.C.A. § 53-11-451). Officers' use of seized drugs in a reverse sting operation without complying with T.C.A. § 53-11-451 does not violate a defendant's due process rights. Therefore, Gardner's challenge on this score must be rejected.

488 F.3d at 720.[2]

As this argument would have been meritless, trial counsel was not ineffective for failing to raise it. <u>See</u>, <u>e.g.</u>, <u>Ludwig v. United States</u>, 162 F.3d 456, 458 (6th Cir. 1998)(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).[3]

---

[2] In <u>Pipes</u>, cited by the Sixth Circuit, the court explained that the purpose of the statute relates primarily to accounting, and to ensuring that law enforcement officers use forfeited items only for official police business rather than for officers' personal use. 87 F.3d at 843. Therefore, the court concluded, the statute is designed to further the interests of all citizens in a lawful police force, and noncompliance does not constitute outrageous conduct nor does it implicate the due process interests of the defendant. <u>Id.</u>, at 844.

[3] In an affidavit of trial counsel, Paul J. Bruno, filed by the Government, Mr. Bruno states that when the Petitioner asked that he file a motion for judgment of acquittal based on this argument, counsel explained to the Petitioner that, in counsel's opinion, the argument was not

6

Petitioner's argument regarding failure to provide a chemical analysis of the cocaine is also without merit. As noted above, Petitioner was convicted of engaging in a drug conspiracy, and with aiding and abetting an attempt to possess, with intent to distribute, or distribution of, five kilograms or more of cocaine, both in violation of 21 U.S.C. § 846. To prove a narcotics conspiracy under Section 846, the Government must prove that two or more persons conspired to agreed to violate drug laws, and that the defendant knowingly and voluntarily joined and participated in the conspiracy. United States v. Driver, 535 F.3d 424, 429 (6th Cir. 2008); Gardner, 488 F.3d at 710. Aiding and abetting an attempt to commit a drug offense requires the Government to show that an act by the defendant contributed to the execution of the drug offense, and the defendant intended to aid in the commission of the crime. United States v. Tiller, 238 F.3d 426, 2000 WL 1888796 (6th Cir. Dec. 22, 2000); Gardner, 488 F.3d at 711. A conviction for attempt to commit a drug offense requires that the Government show that the defendant had the intent to commit the drug offense, and that he committed an overt act that constitutes a substantial step toward the commission of the drug offense. Gardner, 488 F.3d at 711.

Neither conspiracy to commit a drug offense nor aiding and abetting an attempt to commit a drug offense requires a showing that the narcotics involved tested positive in a chemical analysis. Courts have held that a defendant can be convicted of conspiracy or attempt even if the drugs were fake drugs, or were never possessed by the defendant. United States v. Burke, 431 F.3d 883, 886 (5th Cir. 2005); United States v. Springer, 262 Fed. Appx. 703, 2008 WL 282744 (6th Cir. Feb. 1, 2008).

---

viable. (Affidavit of Paul J. Bruno, at ¶ 4 (Docket No. 5-1)).

Therefore, as this argument would have been meritless, trial counsel was not ineffective for failing to raise it. Ludwig, supra.

Petitioner argues that trial counsel should have struck a juror, Tara Swafford, who stated during the jury selection process that she was acquainted with Assistant United States Attorney Chastity Goodner. Ms. Swafford later became the foreperson of the jury.

In order to show prejudice arising out of trial counsel's failure to strike a biased jury, the Petitioner must show that the juror was actually biased against him. See, e.g., Johnson v. Luoma, 425 F.3d 318, 328 (6th Cir. 2005)[4]. Petitioner has failed to make that showing here.

During voir dire questioning, Ms. Swafford indicated that she was an attorney at a local law firm and that Ms. Goodner had clerked at the firm one summer. (Transcript of Voir Dire, at 2-6 (Docket No. 159 in Case No. 2:04-00017)). Ms. Swafford stated that she had not spoken with Ms. Goodner since that summer, and had not socialized with her. (Id.) She specifically stated that her knowledge of Ms. Goodner would not enter into her deliberations as a juror. (Id.)

Petitioner has failed to show that he was prejudiced by counsel's failure to strike Ms. Swafford, and therefore, this claim is without merit.

Next, Petitioner argues that trial counsel was ineffective for failing to object to the Court's jury instruction on constructive possession in connection with the charge of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). Specifically, Petitioner argues that constructive possession is insufficient to satisfy the possession element of this crime.

---

[4] Although in extreme or exceptional cases, some courts have presumed prejudice, the circumstances present in those cases do not exist here. See United States v. Frost, 125 F.3d 346, 379-80 (6th Cir. 1997)(discussing doctrine of implied juror bias).

8

Petitioner's argument is without merit. For purposes of Section 924(c), possession may be either actual or constructive and it need not be exclusive but may be joint. See, e.g., United States v. Paige, 470 F.3d 603, 610 (6th Cir. 2006). Moreover, on appeal in this case, the Sixth Circuit held that there was sufficient evidence to support Petitioner's conviction for aiding and abetting the Section 924(c) offense, specifically noting that at one point, the Petitioner actually possessed a firearm and handed it to one of the Co-Defendants. Gardner, 488 F.3d at 712. Trial counsel did not err in failing to object to the Court's instructions regarding constructive possession.

Petitioner also argues that trial counsel should have filed a motion for judgment of acquittal or new trial because there was no "actual employment" of the firearm, as required by Section 924(c).

Section 924(c) defines two different crimes: (1) use of a firearm during and in relation to a drug trafficking crime; and (2) possession of a firearm in furtherance of a drug trafficking crime. United States v. Roberts, 198 Fed.Appx. 501, 508-509, 2006 WL 2827679, 7 (6th Cir. Oct. 5, 2006); United States v. Combs, 369 F.3d 925, 930-33 (6th Cir.2004). In Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Court required that the Government show "active employment" of the firearm to establish the elements of the first crime. In this case, however, the Petitioner was charged with the latter crime, which does not require a showing of "active employment." Roberts, supra. Thus, any challenge to the Government's failure to demonstrate "active employment" of a firearm by the Petitioner would have been futile, and trial counsel was not ineffective for failure to raise such a challenge.

Petitioner argues that trial counsel was ineffective for agreeing to stipulate that Petitioner

9

had a prior conviction. At the trial, the parties stipulated that the Petitioner "was convicted in 1998 in the Criminal Court of Davidson County, Tennessee of a crime punishable by a term of imprisonment exceeding one year." (Transcript of Trial, Volume 2, at 280 (Docket No. 123 in Case No. 2:04-00017)). In the affidavit of trial counsel, filed by the Government, he states that he advised the Petitioner to enter into the stipulation that he was a convicted felon because if he had not, the Government would have been able to prove to the jury that the Petitioner's prior felony was a drug felony. (Bruno Affidavit, at ¶ 8).

One of the elements of the offense charged in Count Five, being a felon in possession of a firearm, requires the Government to show that a defendant had a prior felony conviction. 18 U.S.C. § 922(g)(1). In Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Supreme Court held that a district court must accept a defendant's offer to stipulate to the existence of a prior offense in a felon-in-possession case if the nature of the prior conviction raises the risk of improper considerations by the jury and if the only reason for admitting evidence of the prior conviction is to prove that the defendant is a convicted felon for purposes of 18 U.S.C. § 922(g)(1). In Old Chief, 519 U.S. 180-88, the Court discussed the danger that a jury will convict a defendant based on the inference that he was acting in conformity with his past misconduct rather than based on the government's proving guilt of the offense beyond a reasonable doubt.

Trial counsel had the choice of stipulating that Petitioner had a prior conviction or permitting the Government to submit proof that the Petitioner had a prior drug felony conviction in a case in which the Petitioner was charged with drug offenses. Petitioner has not shown that the stipulation was inaccurate, nor has he otherwise shown how counsel's decision to stipulate

10

rendered his performance constitutionally ineffective.[5]

Petitioner next argues that trial counsel failed to investigate, interview and subpoena defense witnesses. He identifies "Richard, Vick, and Martin," who worked at Main Street Liquors; James Little; and Steven Griffin, who, Petitioner claims, was part of the conspiracy but was never charged. (Memorandum, at 23 (Docket No. 9)). Aside from stating that these individuals would have discredited the Government's "sole witness," Co-Defendant McMillion, Petitioner does not specify what testimony these witnesses would have given that would have supported his defense. Thus, Petitioner has failed to show a reasonable probability that, but for the failure to call these witnesses, the outcome of the proceedings would have been different.[6]

Finally, Petitioner argues that trial counsel was ineffective for failing to advise him to accept the Government's plea offer of ten years.[7] To support this claim, Petitioner cites Griffin v. United States, 330 F.3d 733 (6th Cir. 2003). In Griffin, the defendant claimed that his attorney did not convey a plea offer to him, and the attorney could not recall advising the defendant of any offer. 330 F.3d at 735-36. In this case, by contrast, the Petitioner admits being told of the plea offer, but suggests that trial counsel should have more forcefully insisted that the Petitioner

---

[5] Petitioner appears to suggest that the Government would not have filed a notice of enhancement of defendant's sentence for drug offenses under 21 U.S.C. § 851 based on his prior conviction if counsel had not filed the stipulation. Petitioner has not shown, however, that the Government would have been unable to prove the existence of the prior conviction in the absence of the stipulation.

[6] In his affidavit, trial counsel indicates that he interviewed the witnesses from the liquor store and subpoenaed two of the witnesses, but that during cross-examination, Mr. McMillion admitted the information he intended to elicit from them. (Bruno Affidavit, at ¶ 9). Mr. Bruno said that he was aware of no other individuals, including Co-Defendant Hassell, who he believed would provide testimony favorable to the Petitioner. (Id., at ¶¶ 9, 10).

[7] Petitioner later refers to the offer as being 144 to 180 months. (Memorandum, at 25).

11

take the offer.[8]

Failure to insist that a defendant plead guilty and accept a plea offer does not constitute constitutionally defective performance. See, e.g., Smith v. United States, 348 F.3d 545, 552 (6th Cir. 2003). As the Sixth Circuit has explained: "The decision to plead guilty – first, last, and always – rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of conviction." Id. The Petitioner has not shown that trial counsel was deficient in not insisting that he accept the Government's plea offer.

Despite his numerous objections, Petitioner has not shown that he received the ineffective assistance of counsel. Thus, the Court concludes that Petitioner's ineffective assistance claim is without merit and is dismissed.

Alternatively, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the Petitioner seeks to challenge the prior convictions that enhanced his sentence under the drug trafficking statutes. Rule 35(a) permits a court to correct a sentence that resulted from arithmetical, technical, or other clear error within seven days after sentencing. The Petitioner was sentenced over three years ago, on August 12, 2005. (Docket No. 148 in Case No. 2:04-00017). Therefore, Rule 35(a) does not provide authority for amending Petitioner's sentence.

---

[8] For his part, trial counsel states in his affidavit that he discussed the case and the possibilities of a successful defense with the Petitioner; warned him that the Government would eventually file a notice under 21 U.S.C. § 851 alleging a prior drug felony conviction that would result in enhanced punishment; and strongly urged him to accept a plea offer from the Government. (Bruno Affidavit, at ¶ 11). According to counsel, the Petitioner declined to enter into a plea agreement, insisting that Co-Defendant Hassell would testify favorably for him. (Id.)

12

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE